# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| Ted Entertainment, Inc. )<br>*Plaintiff* )<br>v. )<br>Alexandra Marwa Saber f/k/a Marwa Talatt )<br>Abdelmonem p/k/a Denims; Does 1-10 )<br> )<br>*Defendant* ) | Civil Action No. 2:25-cv-05564-WLH-PD | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Discord, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Heah Bar-Nissim LLP c/o Parasec, 2804 Gateway Oaks Drive, Ste. 100, Sacramento, CA 95833 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____         /s/ Rom Bar-Nissm
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Ted Entertainment, Inc. , who issues or requests this subpoena, are:
Rom Bar-Nissim; Heah Bar-Nissim LLP; 1801 Century Park East, Suite 2400, Los Angeles, CA 90067; Email: Rom@HeahBarNissim.com; Tel: (310) 432-2836

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-05564-WLH-PD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

    I declare under penalty of perjury that this information is true.

Date: _____

                                          _____
                                                     *Server's signature*

                                          _____
                                                     *Printed name and title*

                                          _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

Case 2:25-cv-05564-WLH-PD   Document 17-2   Filed 07/16/25   Page 4 of 13   Page ID #:218

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT TO SUBPOENA TO DISCORD, INC.
## DEFINITIONS

1. The term "ACCOUNT INFORMATION" shall have the same meaning as used in DISCORD'S PRIVACY POLICY – *i.e.*, "email address and/or phone number", "birthday," "additional information to verify your age" and "additional information" to "verify your account" like "a verified phone number."

2. The term "COMMUNICATION(S)" shall refer to every manner or means of disclosure, transfer, transmission, or exchange of information, whether orally or by DOCUMENTS and whether face-to-face, in person, in a group, by telephone, by letter, facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any DOCUMENTS as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

3. The term "DEVICE INFORMATION" shall have the same meaning as "Information about your device" as used in DISCORD'S PRIVACY POLICY – *i.e.*, "information about the device you are using to access the services," such as "your IP address, operating system information, browser information, and information about your device settings."

4. The term "DISCORD" shall mean third-party, Discord, Inc. and/or anyone acting on its behalf, including employees, attorneys, insurance companies, accountants, investigators, representatives, parent companies, business entities and any other PERSON or entity acting on its behalf.

5. The term "DISCORD'S PRIVACY POLICY" shall mean DISCORD's privacy policy that is located at: https://discord.com/privacy#3

6. The term "DOCUMENT(S)" shall have the broadest meaning permitted by F.R.C.P. Rules 34(a) and 45(a), and shall include, without limitation, any tangible record of intelligence or information, whether handwritten, typed,

printed or otherwise visually or orally reproduced, including information stored on magnetic or optical media or in solid state storage devices, notes, drafts, reports, films, videotape, drawings, graphs, photographs, illustrations, agreements, letters, test data, circuit diagrams, software structure charts, software flow charts, software functional specifications, software code, data flow diagrams, hardware schematic diagrams, hardware logic diagrams, field maintenance print sets, timing diagrams, technical summaries, product description documents, software description documents, World Wide Web internet pages (whether archived or current), laboratory or engineers' notebooks, project or progress reports, database information, whether for prototypes or production products, and the like that are in possession, custody, or control of DISCORD or to which DISCORD otherwise has access. Any such documents bearing on any sheet (front or back), margins, attachment, or enclosure thereof, any mark that is not a part of the original text or reproduction thereof, is to be considered and produced as a separate document.

7. The terms "IDENTIFY" and "IDENTIFYING" means:

(a) when used with respect to a PERSON shall mean providing the PERSON's full name, business and/or residential address and telephone number;

(b) when used with respect to a DOCUMENT shall mean to IDENTIFY the DOCUMENT'S author, signor, sender, addresses and all recipients; to state the DOCUMENT'S title, date and number of pages; if the DOCUMENT has been produced by any party to this litigation, to state the DOCUMENT'S bates number; to describe its subject matter; and to state the DOCUMENT'S present location, the name and address of any PERSONS currently having custody or control of it, and any other descriptive information necessary to IDENTIFY such DOCUMENT sufficiently in a subpoena duces tecum or a request for production; and

(c) when used with respect to a COMMUNICATION other than a DOCUMENT shall mean to IDENTIFY the PERSON making the

COMMUNICATION, its recipients, and all natural persons who were present at the time the COMMUNICATION was made, and to state the date, place and subject matter of the COMMUNICATION.

       8.     The term "PAYMENT INFORMATION" shall have the same meaning as "Payment information" as used in DISCORD'S PRIVACY POLICY – *i.e.*, "valid payment method and associated billing information, including your full name and billing information" and "bank account information to facilitate payments, tax identification information, and copies of government issued identification required to identify users in accordance with regulatory obligations."

       9.     The terms "PERSON" and "PERSONS" mean and include natural persons and, without limitation, companies, firms, associations, proprietorships, partnerships, joint ventures, agencies, consortiums, associations, societies, corporations, and other legal entities, as well as their parents, subsidiaries, and affiliates, and all divisions, departments and units of any of them.

      10.    The term "PERSONAL IDENTIFYING INFORMATION" shall mean ACCOUNT INFORMATION, DEVICE INFORMATION and PAYMENT INFORMATION.

      11.    As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

      12.    As used herein, the terms "any," "all," and "each" shall be construed as "any, all, and each" inclusively.

      13.    As used herein, the use of the singular form of any word shall include the plural and vice versa.

      14.    Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## INSTRUCTIONS

A.  DISCORD shall quote each Subpoenaed Documents and Information ("Request") in full immediately preceding the statement of any answer, response, or objection thereto.

B.  Each Request solicits all information obtainable by DISCORD, including its attorneys, investigators, agents, employees and representatives.

C.  Pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") Rules 34(b)(2)(B) and 45(d)(2)(B), each Request must be responded to separately and state whether: (1) DISCORD will allow inspection or related activities in response to the Request; (2) DISCORD will produce copies or of electronically stored information instead of inspection in response to the Request; or (3) an objection to the Request.

D.  Pursuant to F.R.C.P. Rules 34(b)(2)(B) and 45(d)(2)(B), an objection to any Request must state with specificity the grounds for objecting to the Request, including the reasons. Pursuant to F.R.C.P. Rule 34(b)(2)(C), DISCORD must specify whether any responsive materials to a Request are being withheld on the basis of said objection.  General, boilerplate or conclusory objections are not proper objections and shall be disregarded. *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 650 (C.D. Cal. 2007).

E.  Pursuant to F.R.C.P. Rule 34(b)(2)(C), if a Request is objected to only in part, the objection must specify which part and permit inspection or produce documents as to the remainder of the Request.

F.  Pursuant to F.R.C.P. Rule 34(b)(2)(D), if the objection is to the form for producing electronically stored information or if no form is specified in the Request, the response to the Request must state the form or forms to be produced.

G.  Pursuant to F.R.C.P. Rules 34(b)(2)(E)(i) and 45(e)(1)(B), all DOCUMENTS or electronically stored information must be produced as they are

kept in the usual course of business or must be organized and labeled to correspond to the categories in the Request.

      H.      Pursuant to F.R.C.P. Rule 34(b)(2)(E)(ii), if a Request does not specify a form for producing electronically stored information, such information must be produced in a form or forms which the information is ordinarily maintained or in a reasonable usable form or forms.

      I.      Where a claim of privilege, immunity, or other protection from discovery (collectively, "Privilege") is asserted in objecting to any Request or any portion thereof, DISCORD shall furnish the following information for each such claim:

          1.      The nature of the Privilege (including work product) that is being claimed, and, if the Privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's Privilege rule being invoked;

          2.      The Request or specific portion of the Request to which the assertion of Privilege relates;

          3.      If the Privilege is being asserted for a particular COMMUNICATION, a description of the COMMUNICATION, including:

                a.      the date of the COMMUNICATION or disclosure;

                b.      IDENTIFY the PERSONS involved in the COMMUNICATION, including without limitation, the PERSONS' names, addresses, employments, and titles;

                c.      IDENTIFY where/how the COMMUNICATION occurred, including the specific location where the COMMUNICATION occurred and/or medium of the COMMUNICATION; and

                d.      a summary of the COMMUNICATION'S subject

matter.

4. If the Privilege is being asserted for a particular DOCUMENT, a description of the DOCUMENT, including:

    a. the date of the DOCUMENT;

    b. IDENTIFY the PERSON who authored or prepared of the DOCUMENT, including without limitation, the PERSON'S name, address, employment, and title;

    c. IDENTIFY each PERSON who has sent or had access to or custody of the DOCUMENT, together with an identification of employment of each said PERSON;

    d. the location of the DOCUMENT; and

    e. a summary of the DOCUMENT'S subject matter.

J. If any DOCUMENT or thing otherwise responsive to any Request has been lost, discarded, or destroyed since its preparation or receipt, SERVICE shall IDENTIFY, as completely as possible, the DOCUMENT or thing, state the Request to which it would be responsive, and give full particulars or circumstances under which the DOCUMENT or thing was lost or destroyed, including, without limitation, each DOCUMENT'S date, the general nature of the DOCUMENT (*e.g.*, letter, memorandum, telegram, etc.), the subject matter of the DOCUMENT, each PERSON who authored the DOCUMENT, each PERSON indicated as an addressee or copy recipient, or known by DISCORD to have received a copy of the DOCUMENT or thing, and the DOCUMENT'S former custodians. In addition, as to each such DOCUMENT or thing, the following information shall be supplied:

    1. date of disposal, loss, or destruction;

    2. manner of disposal, loss, or destruction;

    3. reason for disposal or destruction, or an explanation of the loss;

    4. IDENTIFY the PERSON(S) authorizing the disposal or destruction;

    5. IDENTIFY the PERSON(S) having knowledge of the disposal, loss, or destruction; and

    6. IDENTIFY the PERSON(S) who destroyed, lost, or disposed of the DOCUMENT or thing.

  K. If, in responding to any of these Requests, DISCORD encounters any ambiguity in construing either the Request, a definition, or an instruction, DISCORD shall state with specificity the matter deemed ambiguous and identify the construction chosen or used is responding to the Request. *Gilbert v. Citigroup, Inc.*, 2009 WL 10692463, *7 (N.D. Cal., Apr. 2, 2009); *Minna v. Rowley*, 2022 WL 3636364, *3 (E.D. Cal., Aug. 23, 2022); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996).

  L. In producing material responsive to these Requests, DISCORD shall produce all material within its possession, custody or control – which extends not only to information within its immediate knowledge or possession – but includes an affirmative duty to seek that information reasonably available to it from its employees, agents, or other subject to its control. *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Where no responsive information is within DISCORD'S possession, custody or control, DISCORD must state with sufficient specificity under oath the steps taken to conduct a reasonable inquiry and exercise due diligence. *Id.*

  M. Any objection to a Request on the grounds that such information is in the possession of the requesting party is improper. *Bretana v. Int'l Collection Corp.*, 2008 WL 4334710, *4 (N.D. Cal., Sept. 22, 2008); *Brotherhood Mutual Insurance Co. v. Vinkov*, 2020 WL 6489326, *6 (C.D. Cal., Oct. 5, 2020).

  N. Pursuant to F.R.C.P. Rule 26(e), these Requests shall be deemed

continuing and supplemental answers shall be required if DISCORD directly or indirectly obtains further information after his initial response.

   O. Any objection to a Request on the grounds that "discovery is ongoing" is improper. Rather, DISCORD must respond and supplement its responses should discovery alter its response. *See MCC Controls v. Hal Hays Construction*, 2020 WL 6034321, *3 (C.D. Cal. Jul. 23, 2020); *DIRECTTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004); F.R.C.P. Rule 26(e).

   P. Any objection to a Request on the grounds that producing responsive information to a Request is overly burdensome must state with specificity the reasons why producing such information to the Request is overly burdensome. *L.A. Terminals, Inc. v. United National Insurance Co.*, 340 F.R.D. 390, 397 fn. 2 (C.D. Cal. 2022); *Shaw v. Experian Information Solutions, Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015); *In re Subpoena Duces Tecum*, 451 B.R. 823, 831 (C.D. Cal. 2011).

## **SUBPOENAED DOCUMENTS AND INFORMATION**

**SUBPOENAED DOCUMENTS AND INFORMATION NO. 1:**

   All DOCUMENTS and COMMUNICATIONS containing the PERSONAL IDENTIFYING INFORMATION of the DISCORD user with the handle "yoggiebearx".

**SUBPOENAED DOCUMENTS AND INFORMATION NO. 2:**

   All DOCUMENTS and COMMUNICATIONS containing the PERSONAL IDENTIFYING INFORMATION of the DISCORD user with the screenname "allitern".

**SUBPOENAED DOCUMENTS AND INFORMATION NO. 3:**

   All DOCUMENTS and COMMUNICATIONS containing the PERSONAL IDENTIFYING INFORMATION of the DISCORD user with the handle "rozzwhalenm".

**SUBPOENAED DOCUMENTS AND INFORMATION NO. 4:**

All DOCUMENTS and COMMUNICATIONS containing the PERSONAL IDENTIFYING INFORMATION of the DISCORD user with the handle "frompu".

**SUBPOENAED DOCUMENTS AND INFORMATION NO. 5:**

All DOCUMENTS and COMMUNICATIONS containing the PERSONAL IDENTIFYING INFORMATION of the DISCORD user with the handle "No_Reception".