ROM BAR-NISSIM (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
TED ENTERTAINMENT, INC.

BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
**FROST LLP**
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant
ALEXANDRA MARWA SABER p/k/a DENIMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-05564-WLH-PD<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conf.: September 26, 2025<br><br>Complaint filed: June 19, 2025<br><br>Answer filed: August 14, 2025<br><br>Trial: October 26, 2026 |

The parties, through counsel, hereby submit this Joint Report following the conference of counsel required by Fed. R. Civ. P. 16(b) and 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference (Dkt. No. 20).

**1.      STATEMENT OF THE CASE**

**<u>Plaintiff's Contentions</u>**: Plaintiff Ted Entertainment, Inc. ("TEI") is a production company that produces content for social media platforms, namely YouTube. This case concerns the unauthorized use of TEI's copyrighted works: (1) *The H3 Show #105: Countdown to Doomsday* (the "*Countdown Episode*") registered with the United States Copyright Office on March 31, 2025 with the registration number PAu 4-257-253; and (2) *Content Nuke: Hasan Piker* ("*The Nuke*") registered with the United States Copyright Office on January 28, 2025 with the registration number PAu 4-256-429.

Defendant Alexandra Marwa Saber p/k/a Denims ("Denims") reproduced, publicly performed and otherwise used a verbatim copy of the *Countdown Episode* and *The Nuke* (collectively, the "Works") in her January 31, 2025 online broadcast on Twitch. Denims' use was for a commercial purpose and done without license, authorization, or consent from TEI.

In addition to the claim of direct copyright infringement against Denims, TEI asserts a claim of contributory infringement against Does 1-10 (collectively, the "H3Snark Mods"). The H3Snark Mods had knowledge of Denims' infringement of the Works and induced and/or materially contributed to Denims' infringement by promoting her January 31, 2025 online broadcast on Twitch of the Works.

TEI requests that it be awarded its losses, plus all of Denims' profits attributable to her unauthorized use of the Works and to hold the H3Snark Mods jointly and severally liable for said losses and profits. Alternatively (as to *The Nuke* only), TEI seeks statutory damages for Denims' willful infringement of TEI's copyrights in *The Nuke* and to hold the H3Snark Mods jointly and severally liable for said statutory damages.

**Defendant Denims' Contentions**: Defendant Alexandra Saber p/k/a Denims is a content creator and producer of live streamed content primarily on the Twitch media platform. Denims denies Plaintiff Ted Entertainment, Inc.'s allegations of copyright infringement or the notion that any use by Denims of any work allegedly copyrighted or owned by TEI was not unauthorized. Among other things, Denims contends that numerous defenses apply to defeat TEI's claim of direct copyright infringement in its entirety, including, but not limited to, the fair use doctrine under 17 U.S.C. § 107. Furthermore, Denims denies that TEI has suffered any actual damages resulting from any act or omission attributable to Denims or that any other form of damages or recovery is legally available or warranted. Denims seeks judgment against TEI, her court costs incurred in defending this action, and her attorneys' fees incurred in defending this action.

## 2. SUBJECT MATTER JURISDICTION

This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a-b).

## 3. LEGAL ISSUES

**Procedural**: TEI believes the primary procedural issue will be the H3Snark Mods forthcoming motion to quash (the "Quash Motion"). The Quash Motion is directed at quashing TEI's August 4, 2025 subpoenas to Reddit, Inc. and Discord, Inc. for personal identifying information on the H3Snark Mods (the "Subpoenas"). The H3Snark Mods intend to file the Quash Motion on or before September 22, 2025 in the United States District Court for the Northern District of California. The outcome of the Quash Motion will dictate if and when TEI names and serves the H3Snark Mods. If the Quash Motion is denied, TEI will promptly move to amend the complaint to name the H3Snark Mods. Denims takes no position regarding the foregoing issue.

**Substantive:** The parties believe the primary substantive legal issues in this case are: (1) whether Denims' use of the Works constituted copyright infringement

or whether one of Denims' defenses, including, but not limited to, the fair use doctrine, applies to preclude a finding of copyright infringement; (2) if Denims' use of the Works constitutes copyright infringement, whether the H3Snark Mods engaged in contributory copyright infringement; and (3) if so, what were TEI's actual damages and/or Denims' profits attributable to said infringement; and (4) alternatively (as to *The Nuke* only), whether Denims' and the H3Snark Mods infringement was innocent, willful, or neither for purposes of the fact finder's assessment of statutory, rather than actual, damages.

**Evidentiary**: At this time, the parties are not aware of any irregular evidentiary issues that are anticipated to arise in this case.

## 4. PARTIES AND EVIDENCE

The parties in this case are: (1) TEI (which has not parent, subsidiaries or affiliates); (2) Denims; and (3) the currently unnamed H3Snark Mods. Currently, the identities of the H3Snark Mods are unknown. As discussed, in Section C.1, the H3Snark Mods intend to file their Quash Motion on or before September 22, 2025. The outcome of said motion will dictate if and when TEI names and serves the H3Snark Mods. Should additional parties be discovered, TEI will promptly move to add them as defendants as well.

**Plaintiff's Contentions**: TEI contends that the percipient witnesses to the case are likely to be: (1) Ethan Klein regarding (a) the creation and registration of *The Nuke*, (b) TEI, (c) the impact Denims' unauthorized use of *The Nuke* had on TEI, including but not limited to revenue TEI lost as a result of such use; and (d) the prior copyright infringement of TEI's copyrighted works on the H3Snark subreddit ("H3Snark"); (2) Hila Klein regarding (a) the creation of *The Nuke*; and (b) TEI; (3) Denims regarding (a) her use of *The Nuke* in her January 31, 2025 stream; (b) her understanding of copyright law (in general) and fair use (in particular); (c) the analytics (including, but not limited to, financial and viewer analytics) of Denims' Twitch channel before, during and after her January 31, 2025

stream; (d) the profits Denims received from her unauthorized use of *The Nuke*, including third-party contributions; and (e) the identity of third party individuals (including, but not limited to, the H3Snark Mods) who promoted her use of *The Nuke* in her January 31, 2025 stream; and (4) the H3Snark Mods regarding (a) the various pinned community posts the H3Snark Mods created on H3Snark to promote Denims' use of *The Nuke* in her January 31, 2025 stream, (b) their pervious attempts to provide substitutes for viewing TEI's copyrighted works on authorized channels, (c) prior knowledge of Denims' unauthorized use of copyrighted works; and (d) whether and to what extent they viewed Denims' January 31, 2025 stream. TEI reserves the right to identify additional percipient witnesses if necessary. Additionally, TEI anticipates producing one or more expert witnesses.

TEI further contends that the key documents will relate to, *inter alia*, the creation and registration of *The Nuke*, Denims' unauthorized use of the same, the profits attributable to Denims' unauthorized use of *The Nuke* and efforts to promote Denims' use of *The Nuke* in her January 31, 2025 stream.

**Defendant Denims' Contentions**: Denims contends that the percipient witnesses in the case are likely to be: (1) the TEI corporate representative(s), (2) Ethan Klein, (3) Hila Klein, and (4) Denims. However, Denims reserves the right to identify additional percipient witnesses if and as doing so becomes appropriate. In addition, Denims anticipates producing one or more expert witnesses. Denims contends that the key documents will include, among other things, the Works, Denims' January 31, 2025 live stream ("Stream"), documents and communications relating to the Stream and the Works, and evidence supporting Denims' affirmative defenses, principally relating to fair use and the statutory criteria establishing fair use.

5. **DAMAGES**

**Plaintiff's Contentions**: TEI's recoverable damages include its losses and Denims' profits attributable to her infringement of the Works. Alternatively (as to

*The Nuke* only), TEI seeks statutory damages of up to $150,000. TEI also seeks its costs and attorneys' fees incurred.

**Defendant Denims' Contentions**: Denims denies that TEI suffered any damages, or is entitled to any other recovery, resulting from any act or omission attributable to Denims. In addition, Denims denies that any statutory damages, whether standard or enhanced, are appropriate in the event of a finding of copyright infringement. Denims seeks her costs and attorneys' fees incurred in defending this action.

**6.   INSURANCE**

Neither TEI nor Denims have insurance to cover the claims in this case.

**7.   MOTIONS**

    **a.   Procedural Motions**: As discussed in Section C.1, *supra*, TEI is informed that the H3Snark Mods intend to file their Quash Motion on or before September 22, 2025. If and when the Quash Motion is denied, TEI shall promptly move to amend the complaint to name the H3Snark Mods. At this point in time, TEI does not anticipate any further procedural motions.

    **b.   Dispositive Motions:**

        <u>Plaintiff</u>: TEI anticipates to file a motion for partial summary judgment as to: (1) the validity of TEI's copyrights in the Works; (2) Denims' use of verbatim copies of the Works for commercial purposes without TEI's authorization; (3) if the H3Snark Mods are named, their knowledge of Denims' infringement and inducement and/or material contributions to the same; and (4) certain affirmative defenses pled in Denims' answer. TEI intends to file this motion after discovery.

        <u>Defendant</u>: At this time, Denims anticipates filing a motion for summary judgment against TEI based on affirmative defenses asserted in her answer, including, but limited to, the fair use doctrine. Denims intends to file her motion for summary judgment during or after discovery. However, Denims reserves the right to file any other dispositive motion Denims deems necessary or

appropriate.

    **c.** **Class Certification Motions:** Not applicable.

**8. MANUAL FOR COMPLEX LITIGATION**

Neither TEI nor Denims believe the manual for complex litigation will be necessary for this action.

**9. DISCOVERY**

    **a.** **Status of Discovery:** On August 22, 2025, TEI served on Denims its initial disclosures and written discovery requests. On August 26, 2025, Denims served on TEI her initial disclosures and an initial round of document requests.

    **b.** **Discovery Plan**: TEI and Denims anticipate utilizing all discovery methods allowable under Fed. R. Civ. P. 26. As noted above, the parties have already propounded their first round of written discovery. Both parties reserve all rights to propound additional written discovery requests. The parties anticipate to take depositions closer to the end of discovery, although both parties reserve all rights with respect to whether and when to begin depositions.

    **c.** **Discovery Cut-off**: See Exhibit A.

    **d.** **Expert Discovery**: See Exhibit A.

    **e.** **Settlement Conference/Alternative Dispute Resolution (ADR).** At present, the parties have not conducted any settlement negotiations. The parties prefer mandatory mediation be conducted by the Magistrate Judge.

    **f.** **Trial**

        **i.** **Trial Estimate:** The parties anticipate that the jury trial will take approximately 5-7 court days – if the H3Snark Mods are named and served in this action. In this scenario, TEI anticipates to call as witnesses all the named parties to the dispute.

If the H3Snark Mods are not named and served in this action, the parties anticipate trial to take approximately 4-5 court days. In this scenario, TEI anticipates calling two witnesses; Denims anticipates calling four witnesses. The

1  parties reserve all rights with respect to trial witnesses. The reason why trial may
2  take longer than 4 court days is primarily due to the length of the videos at issue in
3  this case and some degree of uncertainty regarding the nature and extent of
4  admissible evidence relating to the fair use factors.

5        **ii.**   **Jury Trial**: Both parties have requested trial by jury. TEI
6  wishes to note, however, that Denims has asserted certain equitable defenses.
7  Whether and the extent to which the Court will need to decide those defenses may
8  be addressed by the parties with the Court at a subsequent stage of the litigation.

9        **iii.**   **Consent to Trial Before a Magistrate Judge**: Both parties
10 have respectfully declined to have this matter tried before a magistrate judge.

11       **iv.**   **Trial Counsel**: TEI's lead trial counsel is Rom Bar-Nissim.
12 Denims' lead trial counsel is Benjamin Kassis. Additionally, Benjamin Grush shall
13 also represent Denims at trial.

14    **g.**   **Independent Expert or Master**: As of the submission of this Joint
15 Report, the parties do not anticipate the Court needing to consider appointing a
16 master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

17    **h.**   **Other Issues**: TEI is concerned that, if the H3Snark Mods are joined
18 to this lawsuit, it will require a new Rule 26(f) Report and for the parties to redo
19 scheduling. Denims is not aware of any other notable issues that she believes are
20 necessary to identify at this time.

21    WHEREUPON, the parties hereby jointly submit this Joint Report.

22    Dated: September 12, 2025      **HEAH BAR-NISSIM LLP**

By  /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted
Entertainment, Inc.

Dated: September 12, 2025         **FROST LLP**

By  /s/ Benjamin Kassis
BENJAMIN KASSIS
BENJAMIN GRUSH
Attorneys for Defendant
Alexandra Marwa Saber p/k/a Denims

### L.R. 5-4.3.4 Attestation

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

# EXHIBIT A

**JUDGE WESLEY L. HSU**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. | 2:25-cv-5564-WLH-PD | Case Name: | Ted Entertainment, Inc. v. Saber et al. |
|---|---|---|---|

| Trial and Final Pretrial Conference Dates | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|
| Check one: [✓] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (**Monday** at 9:00 a.m., within 12 months of Scheduling Conference) Estimated Duration: 5-7 Days *Trial Subject to Trailing per Standing Order* | 10/26/2026 | [ ] Jury Trial [ ] Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (**Friday** at 3:00 p.m., at least 18 days before trial) | 10/05/2026 | |

| Event [1] **Note:** Hearings shall be on **Fridays** at 1:30pm Other dates can be any day of the week | Weeks Before FPTC[2] | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Friday] | | 01/30/2026 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 05/11/2026 | |
| Expert Disclosure (Initial) | 16 | 06/08/2026 | |
| Expert Disclosure (Rebuttal) | 14 | 06/22/2026 | |
| Expert Discovery Cut-Off | 14 | 07/27/2026 | |
| Last Date to Hear Motions<br>• Rule 56 Motion due at least 6 weeks before hearing;<br>• Opposition due 2 weeks after motion is filed before hearing;<br>• Reply due 1 week after Opposition is filed | 12 | 08/17/2026 | |
| Last Date to Hear *Daubert* Motions | 8 | 09/14/2026 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [✓] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [ ] 3. Private Mediation | 5 | 08/10/2026 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions *In Limine* (except *Daubert*)<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only)<br>• Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 09/21/2026 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 09/28/2026 | |

---

1  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2 The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.