ROM BAR-NISSIM (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
TED ENTERTAINMENT, INC.

BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
**FROST LLP**
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant
ALEXANDRA MARWA SABER p/k/a DENIMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-05564-WLH-PD<br><br>Assigned to: Hon. Wesley L. Hsu<br><br>**JOINT STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE DOE DEFENDANTS' MOTION TO QUASH** |

**WHEREAS,** plaintiff Ted Entertainment, Inc. ("TEI") commenced this action by filing its complaint ("Complaint") on June 19, 2025 alleging: (1) direct copyright infringement against defendant Alexandra Marwa Saber p/k/a Denims ("Denims"); and (2) contributory copyright infringement against Does 1-10 (the "H3Snark Mods") (Dkt. No. 1);

**WHEREAS,** on July 17, 2025, TEI and Denims (collectively, the "Parties") filed a Joint Stipulation Re: Granting Plaintiff Leave to Serve Third-Party Subpoenas Prior to the Rule 26(f) Conference (the "Expedited Discovery Stipulation") (Dkt. No. 17);

**WHEREAS,** on August 1, 2025, this Court granted the Expedited Discovery Stipulation (Dkt. No. 18);

**WHEREAS**, on August 4, 2025, TEI served subpoenas on Discord, Inc. and Reddit, Inc. seeking personal identifying information on the H3Snark Mods (i.e., the Doe defendants) and set the date for compliance for September 5, 2025 (the "Subpoenas");

**WHEREAS,** on August 4, 2025 (*i.e.*, the same day TEI served the Subpoenas), counsel for the H3Snark Mods contacted counsel for TEI and informed TEI that the H3Snark Mods would file a motion to quash the Subpoenas (the "Quash Motion").

**WHEREAS,** on August 22, 2025, the Parties conducted their Rule 26(f) conference (the "Rule 26(f) Conference") – which included discussing the dates to propose for this Court's Schedule of Pretrial and Trial Dates Worksheet (the "Schedule Worksheet");

**WHEREAS,** the H3Snark Mods did not participate in the Parties' Rule 26(f) Conference and, therefore, had no input in the Parties Joint Rule 26(f) Report or selecting dates for the Schedule Worksheet;

**WHEREAS,** on September 12, 2025, the Parties submitted their Joint Rule 26(f) Report – which included dates for the Schedule Worksheet (Dkt. No. 21);

1 **WHEREAS,** in the Rule 26(f) Report, the Parties proposed that the deadline to hear a motion to amend pleadings or add parties be January 30, 2026 (the "Deadline to Add Parties");

4 **WHEREAS,** in the Parties' Rule 26(f) Report, TEI flagged the following issues: (1) that the H3Snark Mods intended to file their Quash Motion on or before September 22, 2025; (2) if the Quash Motion would be denied, TEI would promptly move to amend the Complaint to name the H3Snark Mods; and (3) since the H3Snark Mods did not participate in the Rule 26(f) Conference, a new Rule 26(f) Report may be necessary if the Quash Motion would be denied (*see* Dkt. No. 21, pp. 3:17-25, 4:14-18, 6:12-16. 8:17-19);

**WHEREAS,** the Parties selected January 30, 2026 as the Deadline to Add Parties because they believed the Quash Motion would be decided by that date;

**WHEREAS,** on September 17, 2025, this Court issued its Civil Pretrial Schedule and Trial Order (the "Scheduling Order") – which set the Deadline to Add Parties for January 30, 2026 (Dkt. No. 23);

**WHEREAS,** on September 22, 2025, the H3Snark Mods filed their Quash Motion in the Northern District of California in an action entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296-SK) (the "Quash Motion Action");

**WHEREAS,** on October 20, 2025, TEI filed its opposition to the Quash Motion in the Quash Motion Action;

**WHEREAS,** on November 3, 2025, the H3Snark Mods filed their reply brief in support of the Quash Motion along with additional evidence in the Quash Motion Action;

**WHEREAS,** on November 10, 2025, TEI filed its objections to the H3Snark Mods' reply brief and additional evidence;

**WHEREAS,** on December 9, 2025, the H3Snark Mods filed an administrative motion requesting to introduce new evidence and argument in

support of the Quash Motion in the Quash Motion Action (the "Admin Motion");

**WHEREAS,** on December 15, 2025, TEI filed its opposition to the Admin Motion;

**WHEREAS,** on December 18, 2025, the H3Snark Mods filed a reply brief in support of their Admin Motion;

**WHEREAS,** on January 6, 2026, the Court in the Quash Motion Action issued Notice re: Consent or Declination to proceed before a magistrate judge and set the deadline provide or decline consent for January 20, 2026;

**WHEREAS,** on January 20, 2026, TEI and the H3Snark Mods consented to proceed before the magistrate judge in the Quash Motion Action;

**WHEREAS,** no hearing has been set in the Quash Motion Action to hear the Quash Motion;

**WHEREAS,** TEI has not received any information regarding when the Quash Motion will be decided, and it is unknown whether a hearing on the Quash Motion will be scheduled or when the Quash Motion will otherwise be decided;

**WHEREAS,** the Parties have met and conferred and agree that, if the Quash Motion is denied, the claims for direct copyright infringement against Denims and contributory copyright infringement against the H3Snark Mods should proceed together in the present action, for purposes of judicial economy and to avoid potentially significant duplicative expense in the event this action proceeds and the H3Snark Mods are added to this action at a later date;

**WHEREAS,** the Parties therefore agree that, if the Quash Motion is denied, it would promote judicial efficiency and conserve the Court's and Parties' resources for the claims against Denims and the H3Snark Mods to proceed together in the present action;

**WHEREAS,** the Parties agree that, if the Quash Motion is denied, it would require a new Rule 26(f) conference and a new Rule 26(f) report, including rescheduling all dates in the Schedule Worksheet;

**WHEREAS,** the Parties agree that a stay of the present action until the final resolution of Quash Motion Action will promote efficiency and conserve the Court and the Parties' resources;

**WHEREAS,** good cause exists for a stay of the present action because: (1) it will allow sufficient time for the Quash Motion Action to be resolved; (2) in the event the Quash Motion is denied, it will promote judicial efficiency to have the claim of direct copyright infringement against Denims and contributory copyright infringement against the H3Snark Mods proceed together; (3) in the event the Quash Motion is denied, all current dates in the Scheduling Order will have to be rescheduled to accommodate the H3Snark Mods being joined as parties to the present action; and (4) it will conserve the resources of this Court and the Parties until final resolution of the Quash Motion Action.

**THEREFORE, IT IS HEREBY STIPULATED**, by and between the Parties through their respective attorneys of record respectfully request that: (1) this Court grant this stipulation; (2) the present action be stayed until final resolution of the Quash Motion Action; (3) that all deadlines and dates set forth in the Scheduling Order be vacated; and (4) the Court enter the Order lodged concurrently herewith.

Dated: January 22, 2026          **HEAH BAR-NISSIM LLP**

                                 By  /s/ Rom Bar-Nissim
                                     ROM BAR-NISSIM
                                     Attorneys for Plaintiff Ted
                                     Entertainment, Inc.

Dated: January 22, 2026          **FROST LLP**

                                 By  /s/ Benjamin Kassis
                                     BENJAMIN KASSIS
                                     BENJAMIN GRUSH
                                     Attorneys for Defendant
                                     Alexandra Marwa Saber p/k/a
                                     Denims

## **L.R. 5-4.3.4 Attestation**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.