Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-05564-WLH-PD<br><br>*Hon. Wesley L. Hsu*<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Action Filed: June 19, 2025 |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
OPPOSITION TO MOTION FOR PARTIAL JUDGEMENT ON THE PLEADINGS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), plaintiff Ted Entertainment, Inc. ("TEI") respectfully requests that this Court take notice of the following materials:

1. The video entitled *The Big, The BOLD, The Beautiful*, which made a fair use reaction video to the audiovisual work *Bold Guy vs Parkour Girl* in *Hosseinzadeh v. Klein*, 276 F.Supp.3d 34 (S.D.N.Y. 2017). *See* Declaration of Rom Bar-Nissim ("RBN Decl."), ¶ 2(a), Exs. 1-2.

2. The video entitled *Bold Guy vs Parkour Girl*, which was the plaintiff's work in *Hosseinzadeh*. RBN Decl., ¶ 2(b), Exs. 3-4.

3. That the date *Bold Guy vs Parkour Girl* was released to the public was August 11, 2013. RBN Decl., ¶ 2(b), Ex. 3.

4. The complaint filed in the action entitled *Ted Entertainment, Inc. v. Majed et al.* (C.D. Cal. Case No. 2:25-cv-05565-JFW-MAA) ("*Majed* Action") and the allegations contained therein. RBN Decl., ¶ 3; Ex. 5.

5. Exhibit H to the complaint in the *Majed* Action, which is a video file of the watch party at issue in that case (the "Majed Watch Party Video). RBN Decl., ¶ 3; Ex. 6.

6. The complaint filed in the action entitled *Ted Entertainment, Inc. v. Caviness et al.* (W.D. Mo. Case No. 4:25-cv-00459-BCW) ("*Caviness* Action") and the allegations contained therein. RBN Decl., ¶ 4, Ex. 7.

7. Exhibit H to the complaint in the *Caviness* Action, which is a video file of the watch party at issue in the case (the "Caviness Watch Party Video). RBN Decl., ¶ 4, Ex. 8.

8. The April 29, 2026 order (the "4/29/26 Order") by the Honorable Sallie Kim of the Northern District of California denying the motion to quash of the Doe defendants in the miscellaneous action entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (Case No. 3:25-mc-80296-SK) the (the "Motion to Quash

Action"). RBN Decl., ¶ 5, Ex. 9.

As set forth in more detail below, these materials are properly subject to judicial notice as they are "adjudicative facts" that are "not subject to reasonable dispute" in that they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* FRE Rule 201.

## I.    DOCUMENTS SUBJECT TO JUDICIAL NOTICE AS PUBLIC RECORDS

It is axiomatic that courts "may take judicial notice of … matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 fn. 6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

Courts may take judicial notice of "various pleadings filed" with the Court. *Silicon Valley Bank v. New Hampshire Insurance Co.*, 203 F.Supp.2d 1152, 1155 (C.D. Cal. 2002); *see also Endsley v. Luna*, 750 F.Supp.2d 1074, 1084 fn. 2 (C.D. Cal. 2010) (taking judicial notice of six documents filed in the instant action).

Here, Items 2 and 4-9 are all public records as described below.

*The Big, THE BOLD, The Beautiful*: The video file of *The Big, THE BOLD, The Beautiful* was filed with District Court for the Southern District of New York in an action entitled *Hosseinzadeh v. Klein et al.* (Case No. 1:16-cv-03081-KBF) (the "*Hosseinzadeh* Action"). RBN Decl., ¶ 2(a). It was filed as Docket Nos. 52, 55, 84-1 (as Exhibit 1), 87-1. *Id.* Therefore, it is a public record. The video is described in the Court's decision granting summary judgment. *Hosseinzadeh*, 276 F.Supp.3d at 40, 45-46. It is also publicly available on YouTube. RBN Decl., ¶ 2(a). Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The video contains adjudicative facts because it was held to have been a fair use reaction video of *Bold Guy vs Parkour Girl. Hosseinzadeh*, 276 F.Supp.3d at 45-47. Given the parties' reliance on *Hosseinzadeh*, having the actual video will help the

Court to contrast the alleged infringing reaction video at issue in this case from the one at issue in *Hosseinzadeh*.

*Bold Guy vs Parkour Girl*: The video file of *Bold Guy vs Parkour Girl* was filed in the *Hosseinzadeh* Action in Docket Nos. 52, 55, 84-1 (as Exhibit 2), 87-2. RBN Decl., ¶ 2(b). Therefore, it is a public record. The video is described in the Court's decision granting summary judgment. *Hosseinzadeh*, 276 F.Supp.3d at 40. It is also publicly available on YouTube. RBN Decl., ¶ 2(b). Further, excerpts of this video were used in *The Big, THE BOLD, The Beautiful*. *See* Ex. 2. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The video contains adjudicative facts because its use in the video *The Big, THE BOLD, The Beautiful* was held to be a fair use. *Hosseinzadeh*, 276 F.Supp.3d at 45-47. Given the parties' reliance on this decision, having the actual video will help the Court to contrast the alleged infringing reaction video at issue in this case from the one at issue in *Hosseinzadeh*.

The Complaint in the *Majed* Action: The complaint was filed in the *Majed* Action as Docket No. 1 (the "*Majed* Complaint") and, therefore, is a public record. RBN Decl., ¶ 3. Consequently, the *Majed* Complaint is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The *Majed* Complaint is an adjudicative fact because it goes to the fourth fair use factor involving market harm. In determining market harm under the fourth fair use factor, courts examine, *inter alia*, "whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original and the market for derivative works." *McGucken v. Ocean Pub. Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022). The *Majed* Complaint alleges that the defendant hosted a watch party of TEI's copyrighted work *Content Nuke: Hasan Piker* ("*The Nuke*") immediately upon release. RBN Decl., ¶ 3. This shows that the conduct at issue in this case was duplicated by other individuals

and resulted in market harm to the original. *Id.*

The Watch Party in the *Majed* Action: The video of the watch party of *The Nuke* at issue in the *Majed* Action was filed as Exhibit H to the Complaint with the Docket No. 1-8 (the "Majed Watch Party Video") and, therefore, is a public record. RBN Decl., ¶ 3. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The Majed Watch Party Video is an adjudicative fact for the same reason that the *Majed* Complaint is an adjudicative fact. RBN Decl., ¶ 3. Further, the Majed Watch Party Video contains the video file of the watch party at issue in the *Majed* Action. *Id.*

The Complaint in the *Caviness* Action: The complaint was filed in the *Caviness* Action as Docket No. 1 (the "*Caviness* Complaint") and, therefore, is a public record. RBN Decl., ¶ 4. Consequently, the document is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The *Caviness* Complaint is an adjudicative fact for the same reasons as the *Majed* Complaint. RBN Decl., ¶ 4. The *Caviness* Complaint alleges that the defendant hosted a watch party of TEI's copyrighted work *The Nuke* thirteen minutes after its release. *Id.* This shows that the conduct at issue in this case was duplicated by other individuals and resulted in market harm to the original. *Id.*

The Watch Party in the *Caviness* Action: The video of the watch party of *The Nuke* at issue in the *Caviness* Action was filed as Docket No. 1-8 (the "Caviness Watch Party Video) and, therefore, is a public record. RBN Decl., ¶ 4. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The Caviness Watch Party Video is an adjudicative fact for the same reason that the *Caviness* Complaint is an adjudicative fact. RBN Decl., ¶ 4. Further, the Caviness Watch Party Video contains the video file of the watch party at issue in the

4

*Caviness* Action. *Id.*

The 4/29/26 Order: The 4/29/26 Order was filed in the Motion to Quash Action as Docket No. 45 and, therefore, is a public record. RBN Decl., ¶ 5. Consequently, the 4/29/26 Order is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The 4/29/26 Order is an adjudicative fact because its findings concern the first and fourth fair use factor. The first fair use factor examines the purpose and character of the use. 17 U.S.C. § 107(1). The fourth fair use factor "asks whether consumers treat a challenged use 'as a market replacement' for the copyrighted work[.]" *Nat. Fire Protection Assoc., Inc. v. UpCodes, Inc.*, 753 F.Supp.3d 933, 965 (C.D. Cal. 2024). The fourth fair use "factor points against fair use when a copyist makes copies available that displace demand for the copies the copyright owner already makes available or readily could." *Bartz v. Anthropic PBC* 787 F.Supp.3d 1007, 1031 (N.D. Cal. 2025). The 4/29/26 Order made several relevant findings that pertain to the first and fourth factor in this case. The relevant excerpt is reproduced below:

> TEI does not merely allege these facts but points to specific evidence that the Doe Defendants specifically instructed other potential viewers to watch Denims' "watch party" as an "ethical" way to watch TEI's programs. [Citation]. In this context, opponents of the Kleins wanted to watch their shows but did not want to give them 'views' on YouTube or other streaming platforms that reward content creators based on their number of viewers. It appears that the entire purpose of watching Denims' watch party was to watch TEI's programming in a manner that did not benefit TEI. [Citation]
>
> TEI's allegations, supported by evidence, create a prima facie claim for contributory copyright infringement against the Doe Defendants. Although it may seem counterintuitive that opponents of the Kleins would want to watch the Kleins' programs, they were engaging in a cultural phenomenon known as "hatewatching"
>
> The Urban Dictionary defines the term "hatewatch" as follows:
>
> A hatewatched show is one the viewer genuinely despises but cannot stop watching. This could be because it is so "important" they feel they have to, because it has enough promise that they hope it gets better, because it's so well-crafted in it's [sic] terribleness that the badness itself is noteworthy, or because they enjoy the adrenaline that

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

> pure revulsion can bring. Whatever the reason, the hatewatcher can't look away from the trainwreck.
>
> [Citation]. Here, the entire purpose of Denims' watch party was to "hatewatch" TEI's works without giving any benefit to TEI. There is credible evidence that the Doe Defendants understood this goal and facilitated this goal by encouraging other people to watch Denims' watch party.

Ex. 9, pp. 9:17-10:10 (original and added emphasis; footnote omitted).

## II.   DOCUMENTS SUBJECT TO JUDICIAL NOTICE AS PUBLICLY ACCESIBLE WEBSITES

"As a general matter, websites and their contents may be proper subjects for judicial notice provided that the party submits a copy of the relevant webpage to the court." *Lakes v. Ubisoft, Inc.*, 777 F.Supp.3d 1047, 1053 (N.D. Cal. 2025) (internal brackets and quotation marks omitted). Here, Items 1-3 are subject to judicial notice as publicly available websites and their contents.

*The Big, the BOLD, The Beautiful*: A reupload of this video is publicly available on YouTube's website at: https://youtu.be/CXUs5FOo-JE?si=gLi8uq9iEbqLMuL_ RBN Decl., ¶ 2(a). A PDF printout of the webpage accompanies the video. *Id.*, Ex. 1. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The video contains adjudicative facts for the same reasons explained in Section I discussing the same video.

*Bold Guy vs Parkour Girl*: This video is publicly available on YouTube's website at: https://youtu.be/Dj4XAYhF0ok?si=7TuEQEXveK7kATLc. RBN Decl., ¶ 2(b). A PDF printout of the webpage accompanies the video. *Id.*, Ex. 3. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The video contains adjudicative facts for the same reasons explained in Section I discussing the same video.

The Date *Bold Guy vs Parkour Girl* was publicly released: On the same

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

webpage for *Bold Guy vs Parkour Girl*, the description box (when expanded) displays the August 11, 2013 as the date the video was made publicly available. RBN Decl., ¶ 2(b). Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The date is an adjudicative fact because it helps illustrate the nearly two and a half year gap between when *Bold Guy vs Parkour Girl* was first made publicly available and the public release of *The Big, the BOLD, The Beautiful* on February 15, 2026. *Hosseinzadeh*, 276 F.Supp.3d at 40; RBN Decl., ¶ 2(b). Given the parties' reliance on the *Hosseinzadeh* decision, the date helps the Court contrast the timing of the reaction video in this case with the use at issue in *Hosseinzadeh.*

## III.    CONCLUSION

For the reasons set forth above, TEI respectfully requests this Court to grant its Request for Judicial Notice.

Dated: May 1, 2026                    **HEAH BAR-NISSIM LLP**

By    /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted
Entertainment, Inc.