UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-05564-WLH-PD<br><br>**[PROPOSED] JUDGMENT** |

This matter came before the Court on the Motion for Partial Judgment on the Pleadings filed by Defendant Alexandra Marwa Saber p/k/a Denims' ("Denims") pursuant to Federal Rule of Civil Procedure 12(c) on April 17, 2026 (the "Motion," Dkt. No. 35).

The Motion sought judgment on the First Claim for Relief for Direct Copyright Infringement alleged by Plaintiff Ted Entertainment, Inc. ("TEI") against Denims— Plaintiff's sole claim against Denims—insofar as the claim is based on the work identified in the Complaint as *Content Nuke: Hasan Piker* ("The Nuke"), on the ground that Denims' use of The Nuke constitutes fair use as a matter of law under 17 U.S.C. § 107.

Having considered the Motion, TEI's Opposition (Dkt. No. 36) and Request for Judicial Notice (Dkt. No. 37), Denims' Reply (Dkt. No. 39), the pleadings and the materials lodged with and incorporated into the Complaint, and the arguments of counsel at the hearing held on June 5, 2026, the Court, on June 29, 2026, entered its Order **GRANTING** the Motion (Dkt. No. 45, the "Order"), holding Denims' use of The Nuke constitutes fair use as a matter of law and TEI's First Claim for Relief therefore fails insofar as it is based on The Nuke.

On July 6, 2026, by stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Dkt. No. 46), TEI's First Claim for Relief insofar as the claim is based on the work identified in the Complaint a*s The H3 Show #104 – Countdown to Doomsday* ("Countdown Episode"), was dismissed without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. Judgment is entered in favor of Defendant Alexandra Marwa Saber p/k/a Denims and against Plaintiff Ted Entertainment, Inc. on TEI's First Claim for Relief for Direct Copyright Infringement.

2. Plaintiff TEI shall take nothing on its First Claim for Relief.

3.    Denims as the prevailing party may recover costs and attorneys' fees incurred in this action by application and motion under 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d), and the Local Rules of this Court, subject to any forthcoming order of this Court with respect to the timing of the filing of such application and motion.

4.    The Court retains jurisdiction to adjudicate all other matters collateral to this Judgment.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: _____    _____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

3